IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>[10] Juan Pena,<br>Defendant. | CRIMINAL NO. 19-790(PAD) |

RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

## PLEA AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant #16, Juan Pena, and Defendant's counsel, Fernando Omar Zambrana-Aviles, Esq., pursuant to Federal Rule of Criminal Procedure 11, state that they have reached a Plea Agreement, the terms and conditions of which are as follows:



1. **Charges to which Defendant will Plead Guilty**

   Defendant agrees to plead guilty to Count Two of the Indictment:

   Count Two:    From in or about September 2015, the exact date being unknown to the Grand Jury, and continuing thereafter, up to and including the date of the filing of the Indictment, in the District of Puerto Rico and elsewhere, Defendant Juan Pena and others, did knowingly and intentionally conspire and agree with each other, and with other persons known and unknown to the Grand Jury, commit an offense against the United States, that is, a conspiracy to launder drug trafficking proceeds in violation of 18 U.S.C. § 1956(h), *including: (a) knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts and attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with*

the intent to promote the carrying on of specified unlawful activity, that is, the felonious

manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in

controlled substances, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); (b) to transport, transmit,

and transfer, and attempt to transport, transmit, and transfer a monetary instrument and

funds from a place in the United States to and through a place outside the United States and

to a place in the United States from and through a place outside the United States with the

intent to promote the carrying on of specified unlawful activity, that is, the felonious

manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in

controlled substances, in violation of 18 U.S.C. § 1956(a)(2)(A); (c) knowing that the

property involved in a financial transaction represents the proceeds of some form of

unlawful activity, conducts and attempts to conduct such a financial transaction which in

fact involves the proceeds of specified unlawful activity to conceal and disguise the nature,

the location, the source, the ownership, and the control of the proceeds of specified unlawful

activity, that is, the felonious manufacture, importation, receiving, concealment, buying,

selling and otherwise dealing in controlled substances, in violation of 18 U.S.C.

§ 1956(a)(1)(B)(i); and (d) to transport, transmit, and transfer, and attempt to transport, $F2$

transmit, and transfer a monetary instrument and funds from a place in the United States to

and through a place outside the United States and to a place in the United States from and

through a place outside the United States, knowing that the monetary instrument and funds

involved in the transportation, transmission, and transfer represented the proceeds of some



form of unlawful activity and knowing that such transportation, transmission, and transfer

was designed in whole and in part to conceal and disguise the nature, the location, the

source, the ownership, and the control of the proceeds of specified unlawful activity, that is,

the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

The object of the conspiracy was to move bulk currency consisting of the proceeds of illegal drug trafficking, to Colombia, Panama, Hong Kong, China, the United States, Barbados, Canada, and Venezuela, to further the activities of those involved in drug trafficking and money laundering. The object of the conspiracy included violations of 18 U.S.C. § 1956.

During the conspiracy, members of the Drug Trafficking and Money Laundering Organization directed money couriers to travel to certain locations, both inside and outside of Puerto Rico, to pick up the drug proceeds. As directed, the money couriers would physically transport the drug proceeds to Puerto Rico, St. Thomas, and Tortola. Once the drug proceeds arrived in Puerto Rico, at the direction of members acting on behalf of the DTMLO, the drug proceeds were deposited into a bank account at U.S. financial institutions located in Puerto Rico. After the proceeds were deposited, a portion of the drug proceeds were wire transferred to various business and individual accounts located both within and outside the United States. All in violation of 18 U.S.C. § 1956(h).

### 2. Maximum Penalties

Count Two: The maximum statutory penalty for the offense charged in Count Two of the Indictment, is a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both, pursuant to 18 U.S.C. § 1956(h); and a supervised release term of not more than five years, pursuant to 18 U.S.C. § 3583(b)(1).

### 3. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

### 4. Special Monetary Assessment

Defendant agrees to pay a special monetary assessment ("SMA") of one hundred dollars ($100.00) per count of conviction. The SMA will be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013 (a)(2)(A).

### 5. Fines and Restitution

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim, and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

### 6. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 7. Recommended Sentencing Guidelines Calculations

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS COUNT TWO 18 U.S.C. § 1956(h) | |
|---|---|
| Base Offense Level pursuant to U.S.S.G. § 2S1.1(a)(2) | 8 |
| Value of Laundered Funds ($534,500.00) pursuant to U.S.S.G. § 2B1.1(b)(1)(G) | +12 |
| Defendant was convicted under 18 U.S.C. § 1956 pursuant to U.S.S.G. § 2S1.1(b)(2)(B) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | **19** |

| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
|---|---|---|---|---|---|
| 30-37 | 33-41 | 37-46 | 46-57 | 57-71 | 63-78 |

### 8. Sentence Recommendation

As to Count Two, and after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties agree that that defendant may argue for a legal non-guideline sentence based on USSG 5H1.4 (Physical Condition). The United States reserves the right to oppose defendant's recommendation and recommend a sentence of imprisonment at the lower end of the applicable guideline range at a Total Offense Level of 19.

The parties agree that any recommendation by either party for a sentence below or above the sentence recommendations above described will constitute a material breach of the Plea Agreement.

## 9. No Stipulation as to Criminal History Category

The parties do not stipulate as to any Criminal History Category for Defendant.

## 10. Waiver of Appeal

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is within or below the Guidelines range for the total offense level calculated in this Plea Agreement when combined with Defendant's criminal history category as determined by the Court, Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this Plea Agreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

*F2*

*JP*

## 12. Satisfaction with Counsel

Defendant is satisfied with counsel, Fernando Omar Zambrana-Aviles, Esq., and asserts that counsel has rendered effective legal assistance.

## 13. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.  

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

## 14. Stipulation of Facts

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

## 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

## 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

## 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

## 18. Dismissal of Remaining Counts

At sentencing should there be any pending counts and should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the Indictment pending against Defendant in this case.

### 19. Voluntariness of Plea Agreement

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

### 20. Breach and Waiver

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea. Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

### 21. Potential Impact on Immigration Status

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### 22. Felony Conviction

Defendant hereby agrees and recognizes that the plea of guilty in this case will

be recognized as a felony conviction, which will result in the loss of certain rights, including

but not limited to the right to vote in a federal election, to serve as a juror, to hold public

office, and to lawfully possess a firearm.

W. Stephen Muldrow
United States Attorney

Myriam Y. Fernandez-Gonzalez
Assistant U.S. Attorney
Dated: _____

Fernando Omar Zambrana-Aviles, Esq.
Counsel for Defendant
Dated: 3/22/22

Juan Pena
Defendant
Dated: 3/18/22

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges

pending against me. Further, I have consulted with my attorney and fully understand my

rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea

Agreement and carefully reviewed every part of it with my attorney. My counsel has

translated the Plea Agreement to me in the Spanish language and I have no doubts as to the

contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 3/13/22                          Juan Peña
                                       _____
                                       Juan Pena
                                       Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to

Defendant with respect to the pending charges. Further, I have reviewed the applicable

provisions of the Guidelines and I have fully explained to Defendant the provisions of those

Guidelines that may apply in this case. I have carefully reviewed every part of this Plea

Agreement with Defendant. I have translated the Plea Agreement and explained it in the

Spanish language to the Defendant who has expressed having no doubts as to the contents

of the agreement. To my knowledge, Defendant is entering into this Plea Agreement

voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of

guilty.

Date: 3/22/22                          _____
                                       Fernando Omar Zambrana-Aviles
                                       Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the Defendant Juan Pena admits that Defendant is guilty as charged in the Indictment and admits the following:

From in or about September 2015, the exact date being unknown to the Grand Jury, and continuing thereafter, up to and including the date of the filing of the Indictment, in the District of Puerto Rico and elsewhere, defendant Juan Pena and others, did knowingly and intentionally conspire and agree with each other, and with other persons known and unknown to the Grand Jury, commit an offense against the United States, that is, a conspiracy to launder drug trafficking proceeds in violation of 18 U.S.C. § 1956(h), including: (a) knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts and attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity with the intent to promote the carrying on of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); (b) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1956(a)(2)(A); (c) knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts and attempts to conduct such a financial transaction which in

fact involves the proceeds of specified unlawful activity to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and (d) to transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, that is, the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in controlled substances, in violation of 18 U.S.C. § 1956(a)(2)(B)(i).

The object of the conspiracy was to move bulk currency consisting of the proceeds of illegal drug trafficking, to Colombia, Panama, Hong Kong, China, the United States, Barbados, Canada, and Venezuela, to further the activities of those involved in drug trafficking and money laundering. The object of the conspiracy included violations of 18 U.S.C. § 1956.

During the conspiracy, members of the Drug Trafficking and Money Laundering Organization directed money couriers to travel to certain locations, both inside and outside of Puerto Rico, to pick up the drug proceeds. As directed, the money couriers would physically transport the drug proceeds to Puerto Rico, St. Thomas, and Tortola. Once the

drug proceeds arrived in Puerto Rico, at the direction of members acting on behalf of the DTMLO, the drug proceeds were deposited into a bank account at U.S. financial institutions located in Puerto Rico. After the proceeds were deposited, a portion of the drug proceeds were wire transferred to various business and individual accounts located both within and outside the United States. All in violation of 18 U.S.C. § 1956(h). On or about August 1, 2016, defendant Juan Pena did knowingly conduct a financial transaction affecting interstate and foreign commerce, to wit, the delivery and transfer of $249,520.00 in United States currency in Puerto Rico. On August 18, 2016, defendant Juan Pena did knowingly conduct a financial transaction affecting interstate and foreign commerce, to wit, the delivery and transfer of $284,980.00 in United States currency in Puerto Rico. Both financial transactions involved the proceeds of a specified unlawful activity; and undertaken with the intent to promote the carrying on of said specified unlawful activity, and knowing that the financial transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting such financial transaction knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.





Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt.

At trial, the United States would have proven beyond a reasonable doubt that

defendant Juan Pena is guilty as charged in Count Two of the Indictment.    Discovery was

timely made available to Defendant for review.

Myriam Y. Fernandez Gonzalez
Assistant U.S. Attorney
Dated: _____

Fernando Omar Zambrana-Aviles, Esq.
Counsel for Defendant
Dated: _____3/22/22_____

Juan Pena
Defendant
Dated: 3/18/22